**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERIN LISI                                          CASE NO.:
     Plaintiff,

v.

LP ORMOND BEACH, LLP, dba
SIGNATURE HEALTHCARE ORMOND,
     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

ERIN LISI, by and through the undersigned counsel, hereby files this Complaint against

LP ORMOND BEACH, LLP d/b/a SIGNATUURE HEALTHCARE ORMOND (herein after

referred to as "SIGNATURE"), and states as follows:

### NATURE OF CLAIMS

This is an action for rights secured pursuant to Americans with Disabilities Act, as

amended and Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA")

### JURISDICTION

2.       Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343(a).

Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

### VENUE

3.       Venue exists in the Middle District of Florida, Orlando Division, under 28 U.S.C.

§1391 (b), as all events pertinent hereto occurred in Volusia County, Florida.

### THE PARTIES

4.       Plaintiff is a natural person and at all times relevant to this action was an

1

employee of the SIGNATURE.

5.      Plaintiff, ERIN LISI ("LISI"), is a resident of Volusia County and she is a citizen of the United States.

6.      At all times relevant to this action, Plaintiff was an employee of Defendant.

7.      LP ORMOND BEACH d/b/a SIGNATURE HEALTHCARE ORMOND is foreign entity registered in the State of Kentucky and licensed to do business in the State of Florida.

## EXHAUSTIVE OF ADMINISTRATIVE REMEDIES

8.      Prior to filing of this action, Plaintiff filed a Charges of Discrimination, which was dually filed with the Florida Commission of Human Relations and Equal Employment Opportunity Commission (hereinafter "EEOC"). The EEOC issued a Right to Sue Notice with regard to the Charge of Discrimination and FCHR issued a Notice of Determination,  finding cause against the employer.

9.      This Complaint has been timely filed. The Right to Sue Notice and Notice of Determination is attached hereto as Composite Exhibit "A."

## STATEMENT OF FACTS

10.      Ms. Lisi has twenty (20) years of experience in the arear of Business Management. She has never been disciplined during her career. On or about September 8, 2020, Ms. Lisi was hired by Signature as a Business Manager.

11.      Ms. Lisi is hearing impaired and she relies on closed captioning, lip-reading, and a hearing aid. All of the above, have allowed Ms. Lisi to have a productive career. A true and correct copy of Ms. Lisi's resume is attached hereto as Exhibit "B."

12.     Ms. Lisi is disabled as defined by the ADA, as she suffers from a physical impairment, which substantially limits one or more major life activities.

13.     Ms. Lisi is disabled, has a record of being disabled and was regarded as being disabled at all times relevant to this action.

14.     Ms. Lisi was at all times relevant, qualified to perform the essential functions of the Business Manager position and all other positions in which she was placed.

15.     Ms. Lisi's requests were "reasonable accommodations" as defined by the ADA and FCRA.

16.     In or about December 2020, Ms. Lisi was demoted Medical Records Director position because her supervisors would not tolerate her disability. There was no reasonable basis upon which to have removed Ms. Lisi from the Business Manager position.

17.     After her removal, Ms. Lisi continued to train and assist other employees in completing Business Management tasks; a testament to her work abilities and ability to perform the essential functions of the job.

18.     Simply put, Ms. Lisi was shuffled around in various capacities, as her supervisors refused to accommodate her disability.

19.     Ms. Lisi repeatedly complained of discrimination, wherein she requested that her supervisors and co-workers be required to communicate with her "forward-facing", so that she could read their lips; requesting clear face masks so that she could effectively communicate during the height of the COVID-19 pandemic; and closed captioning accommodations during virtual meeting and training sessions, etc.

20.     With regard to the clear face mask, said accommodation was readily available and accessible and due to Signature's refusal to accommodate Ms. Lisi, she could not read lips and effectively communicate while on duty.

21.     Ms. Lisi's many written requests for accommodations were left unfulfilled and at best Signature agreed only to *temporarily* implement certain accommodations.

22.     Ms. Lisi made it known that she could not fully participate in meetings, training sessions or communicate with staff unless she was offered closed captioning during virtual training sessions; clear masks for in-office communication so that she could read lips and unless supervisors and employees communicated with her forward-facing.

23.     Signature has yet to offer a legitimate business reason for having deprived Ms. Lisi of the reasonable accommodations, which included, but were not limited to: 1) a closed captioning; 2) the ability to route phone calls to Ms. Lisi's hearing aid; 3) forward-facing communication to allow for lip-reading; and 4) clear masks to assist with lip reading during any period in which employees were required wear face masks due to COVID protocols.

24      Ms. Lisi continued to suffer unlawful discrimination at the hands of SIGNATURE such that all reasonable accommodations were refused.

25.     Not only did Signature deny Ms. Lisi these reasonable accommodations, but it further discriminated against her in removing her from the Business Manager position in lieu of offering her the accommodations.

26.     Said conduct was not only a violation of the reasonable accommodation provisions of the ADA, but amounted to retaliation, as Ms. Lisi was demoted after she complained of not having been afforded these accommodations. Defendant's conduct as described herein was willful, knowing, malicious and intentional.

27.     It is a violation of the ADA for any person to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." See 42 U.S.C. § 12203.

28.     Due, in part, to consistent discrimination and retaliation, Ms. Lisi resigned. Said resignation equated to a constructive discharge due to Signature's consistent refusal to comply with the law.

## COUNT I: Discrimination in Violation of ADA

29.     Plaintiff re-alleges and incorporates by reference allegations of Paragraph 1 through 28 as set forth herein.

30.     Defendant unlawfully discriminated against Ms. Lisi on the basis of her disability (hearing impaired) taking actions which included, but are not limited to demoting her and denying her multiple requests for reasonable accommodations.

31.     Defendant unlawfully discriminated against Ms. Lisi when it constructively discharged her from her employment in making the working environment such that she resigned.

32.     Defendant's actions have unlawfully deprived Ms. Lisi of equal employment opportunities and benefits, as guaranteed by the ADA.

33.     As a result of Defendant's unlawful conduct, Ms. Lisi has and continues to suffer damages; both monetary and non-monetary.

34.     Ms. Lisi is entitled to equitable as well as monetary relief from Defendant for violations of the ADA.

35.     Plaintiff has retained the law firm of DSK Law and she is liable for reasonable attorneys' fees and costs, and litigation expenses.

WHEREFORE, Ms. Lisi seeks an order prohibiting the discriminatory practices set forth above, an order compensatory damages, pre and post judgment interest, damages for emotional distress, humiliation, punitive damages, punitive damages, attorneys' fees and costs and any other relief that this Court deems is just and proper.

## COUNT II: Discrimination in Violation of ADA (Harassment)

36.     Plaintiff re-alleges and incorporates by reference allegations of Paragraph 1 through 28 as set forth herein.

37.     Defendant unlawfully discriminated against Ms. Lisi on the basis of her disability (hearing impaired), a protected classification, by taking actions which included, but are not limited to demoting her and denying her multiple requests for reasonable accommodations.

38.     The harassment to which she was subjected was based on a disability

39.     The harassment affected a terms, conditions, or privileges of her employment.

40.     Defendant knew or should have known of the harassment, but failed to take prompt, remedial action.

41.     The harassment was so severe and pervasive as to have the purpose or effect of unreasonably interfering with Ms. Lisi's work performance or creating an intimidating, hostile, or offensive environment.

42.     Defendant unlawfully discriminated against Ms. Lisi in making the working environment so intolerable such that she resigned.

43.     Defendant's actions have unlawfully deprived Ms. Lisi of equal employment opportunities and benefits, as guaranteed by the ADA.

44.     As a result of Defendant's unlawful conduct, Ms. Lisi has and continues to suffer damages; both monetary and non-monetary.

45.     Ms. Lisi is entitled to equitable as well as monetary relief from Defendant for violations of the ADA.

46.     Plaintiff has retained the law firm of DSK Law and she is liable for reasonable attorneys' fees and costs, and litigation expenses.

WHEREFORE, Ms. Lisi seeks an order prohibiting the discriminatory practices set forth above, an order compensatory damages, pre and post judgment interest, damages for emotional distress, humiliation, punitive damages, punitive damages, attorneys' fees and costs and any other relief that this Court deems is just and proper.

## COUNT III: Retaliation in Violation of the ADA

47.     Plaintiff re-alleges and incorporates by reference allegations of Paragraph 1 through 28 as set forth herein.

48.     Defendant unlawfully retaliated against Ms. Lisi, a disabled person,  on the basis of her protected activities pursuant to the ADA.

49.     Defendant unlawfully retaliated against Ms. Lisi when it demoted her and took other adverse employment actions against her.

50.     Defendant's actions have unlawfully deprived Ms. Lisi of equal employment opportunities and benefits, as guaranteed by the ADA and are causally related to Ms. Lisi's protected activities.

51.     As a result of Defendant's unlawful conduct, Ms. Lisi has and continues to suffer damages; both monetary and non-monetary.

52.     Defendant unlawfully discriminated against Ms. Lisi when it constructively discharged her from her employment in making the working environment so intolerable such that she resigned.

53.     Ms. Lisi is entitled to equitable as well as monetary relief from Defendant for violations of the ADA.

54.     Plaintiff has retained the law firm of DSK Law and she is liable for reasonable attorneys' fees and costs, and litigation expenses.

WHEREFORE, Ms. Lisi seeks an order prohibiting the discriminatory practices set forth above, an order compensatory damages, pre and post judgment interest, damages for emotional distress, humiliation, punitive damages, punitive damages, attorneys' fees and costs and any other relief that this Court deems is just and proper.

### COUNT IV: Discrimination in Violation of Florida Civil Rights Act

55.     Plaintiff re-alleges and incorporates by reference allegations of Paragraph 1 through 28 as set forth herein.

56.     Defendant unlawfully discriminated against Ms. Lisi on the basis of her disability (hearing impaired) when it denied her multiple requests for reasonable accommodations.

57.     Defendant unlawfully discriminated against Ms. Lisi when it constructively discharged her from her employment.

58.     Defendant's actions have unlawfully deprived Ms. Lisi of equal employment opportunities and benefits, as guaranteed by the FCRA.

59.     As a result of Defendant's unlawful conduct, Ms. Lisi has and continues to suffer damages; both monetary and non-monetary.

60.     Ms. Lisi is entitled to equitable as well as monetary relief from Defendant for violations of the FCRA.

61.     Plaintiff has retained the law firm of DSK Law and she is liable for reasonable attorneys' fees and costs, and litigation expenses.

WHEREFORE, Ms. Lisi seeks an order prohibiting the discriminatory practices set forth above, an order compensatory damages, pre and post judgment interest, damages for emotional distress, humiliation, punitive damages, punitive damages, attorneys' fees and costs and any other relief that this Court deems is just and proper.

### COUNT V: Retaliation in Violation of Florida Civil Rights Act

62.     Plaintiff re-alleges and incorporates by reference allegations of Paragraph 1 through 28 as set forth herein.

63.     Defendant unlawfully retaliated against Ms. Lisi, a disabled person, on the basis of her protected activities.

64.     Defendant unlawfully retaliated against Ms. Lisi when it demoted her and took other adverse employment actions against her.

65.     Defendant's actions have unlawfully deprived Ms. Lisi of equal employment opportunities and benefits, as guaranteed by the FCRA and are causally related to Ms. Lisi's protected activities.

66.     As a result of Defendant's unlawful conduct, Ms. Lisi has and continues to suffer damages; both monetary and non-monetary.

67.     Defendant unlawfully discriminated against Ms. Lisi when it constructively discharged her from her employment in making the working environment such that she resigned.

68.     Ms. Lisi is entitled to equitable as well as monetary relief from Defendant for violations of the FCRA.

69.     Plaintiff has retained the law firm of DSK Law and she is liable for reasonable attorneys' fees and costs, and litigation expenses.

70.     Plaintiff has retained the law firm of DSK Law and she is liable for reasonable attorneys' fees and costs, and litigation expenses.

WHEREFORE, Ms. Lisi seeks an order prohibiting the discriminatory practices set forth above, an order compensatory damages, pre and post judgment interest, damages for emotional distress, humiliation, punitive damages, punitive damages, attorneys' fees and costs and any other relief that this Court deems is just and proper.

### COUNT VI: Discrimination in Violation of FCRA (Harassment)

71.     Plaintiff re-alleges and incorporates by reference allegations of Paragraph 1 through 28 as set forth herein.

72.     Defendant unlawfully discriminated against Ms. Lisi on the basis of her disability (hearing impaired), a protected classification, by taking actions which included, but are not limited to demoting her and denying her multiple requests for reasonable accommodations.

73.     The harassment to which she was subjected was based on a disability

74.     The harassment affected a terms, conditions, or privileges of her employment.

75.     Defendant knew or should have known of the harassment, but failed to take prompt, remedial action.

76.     The harassment was so severe and pervasive as to have the purpose or effect of unreasonably interfering with Ms. Lisi's work performance or creating an intimidating, hostile, or offensive environment.

77.     Defendant unlawfully discriminated against Ms. Lisi in making the working environment so intolerable such that she resigned.

78.     Defendant's actions have unlawfully deprived Ms. Lisi of equal employment opportunities and benefits, as guaranteed by the FCRA.

79.     As a result of Defendant's unlawful conduct, Ms. Lisi has and continues to suffer damages; both monetary and non-monetary.

80.     Ms. Lisi is entitled to equitable as well as monetary relief from Defendant for violations of the FCRA.

81.     Plaintiff has retained the law firm of DSK Law and she is liable for reasonable attorneys' fees and costs, and litigation expenses.

WHEREFORE, Ms. Lisi seeks an order prohibiting the discriminatory practices set forth above, an order compensatory damages, pre and post judgment interest, damages for emotional distress, humiliation, punitive damages, punitive damages, attorneys' fees and costs and any other relief that this Court deems is just and proper.

## COUNT VII: CONSTRUCTIVE DISCHARGE (ADA)

82.     Plaintiff incorporates by reference Paragraphs 1 through 28.

83.     This is a claim for constructive discharge against the Defendant.

84.     Since engaging in protected activities, Defendant continued to retaliate and violate Plaintiff's rights.

85.     Defendant's ongoing discriminatory conduct has since resulted in Ms. Lisi having resigned from her position.

86.     Defendant's ongoing discriminatory conduct rendered the work environment so intolerable that a reasonable employee in Ms. Lisi's position would have resigned.

WHEREFORE, Ms. Lisi seeks an order prohibiting the discriminatory practices set forth above, an order compensatory damages, pre and post judgment interest, damages for emotional distress, humiliation, punitive damages, punitive damages, attorneys' fees and costs and any other relief that this Court deems is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

/s/ LINDSAY N. GREENE
LINDSAY N. GREENE, ESQUIRE
Florida Bar Number 269610
Primary E-Mail:  lgreene@dsklawgroup.com
Secondary E-Mail:  jthomas@dsklawgroup.com
de Beaubien, Simmons, Knight,
 Mantzaris & Neal, LLP
332 North Magnolia Avenue
Post Office Box 87
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
Attorney for Plaintiff

# COMPOSITE
# Exhibit A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website:  www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)
Issued On: 09/16/2022

Erin Lisi
c/o Lindsay Greene, Esquire
DSK Law
332 North Magnolia Avenue
Orlando, FL 32801

Charge No: 15D-2022-00343
EEOC Representative and email:   Frank Hernandez
State and Local Coordinator
frank.hernandez@eeoc.gov

### CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Roberto Chavez
09/16/2022

Roberto Chavez
Acting Director

Signature Healthcare of Ormond
c/o Lynn Fieldhouse, Esquire
General Counsel
12201 Blue Grass Parkway
Louisville, KY 40299


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 15D-2022-00343 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

## Notice Of Rights Under The ADA Amendments Act OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the **operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications**) are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.





## State of Florida
# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Ron DeSantis**
*Governor*

**Darrick D. McGhee, Sr.**
*Chair*
**Cheyanne Costilla**
*Executive Director*

FCHR No. 202232555
EEOC No. 15D202200343

Erin Lisi                                      **COMPLAINANT**
c/o Lindsay Greene, Esquire
DSK Law
332 North Magnolia Avenue
Orlando, FL 32801

Signature Healthcare Ormond              **RESPONDENT**
c/o Lynn Fieldhouse, Esquire
General Counsel
12201 Blue Grass Parkway
Louisville, KY 40299

### DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination with the Florida Commission on Human Relations (Commission) alleging that Respondent committed unlawful failure to accommodate on the basis of disability in violation of the Florida Civil Rights Act of 1992.  As required in Rule 60Y-5.004(1), Florida Administrative Code (F.A.C.), the Commission's Office of Employment Investigations completed an investigation of this matter, which is reported in the Investigative Memorandum, and the Commission's Office of General Counsel, following a review of this matter, made a recommendation to me, as Executive Director of the Commission, that there is reasonable cause to believe that an unlawful employment practice has occurred.

Pursuant to the authority delegated to me in Rule 60Y-5.004(3), F.A.C., I accept the Office of General Counsel's recommendation and issue this Determination: Reasonable Cause.  Based upon this determination, the Clerk shall serve both the Determination and the attached Notice of Determination upon the parties.

_____                  Dated: _July 15_ , 20_22_
Cheyanne Costilla,
Executive Director

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Monica Cepero** | **Libby Farmer** | **Mario Garza** | **Dawn Hanson** |
| *Fort Lauderdale* | *Tallahassee* | *Lakewood Ranch* | *Tallahassee* |
| **Larry Hart** | **Darrick D. McGhee Sr.**, *Chair* | **Kenyetta Mullins Moyé** | **Vivian Myrtetus** |
| *Fort Myers* | *Tallahassee* | *Tallahassee* | *Miami* |
| **Pamela Payne** | **Jay Pichard** | **Angela Primiano**, *Vice Chair* | |
| *Jacksonville* | *Tallahassee* | *Hollywood* | |



*State of Florida*

## Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Ron DeSantis**
*Governor*



**Darrick D. McGhee, Sr.**
*Chair*
**Cheyanne Costilla**
*Executive Director*

FCHR No. 202232555
EEOC No. 15D202200343

Erin Lisi                                               **COMPLAINANT**
c/o Lindsay Greene, Esquire
DSK Law
332 North Magnolia Avenue
Orlando, FL 32801

Signature Healthcare Ormond                             **RESPONDENT**
c/o Lynn Fieldhouse, Esquire
General Counsel
12201 Blue Grass Parkway
Louisville, KY 40299

### NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred.  A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director.  A blank Petition for Relief form is enclosed with Complainant's notice.  It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief.  The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

**COMMISSIONERS**

| **Monica Cepero** | **Libby Farmer** | **Mario Garza** | **Dawn Hanson** |
| *Fort Lauderdale* | *Tallahassee* | *Lakewood Ranch* | *Tallahassee* |
| **Larry Hart** | **Darrick D. McGhee Sr.**, *Chair* | **Kenyetta Mullins Moyé** | **Vivian Myrtetus** |
| *Fort Myers* | *Tallahassee* | *Tallahassee* | *Miami* |
| **Pamela Payne** | **Jay Pichard** | **Angela Primiano**, *Vice Chair* | |
| *Jacksonville* | *Tallahassee* | *Hollywood* | |

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination.  Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this ___15th_____ day of____July_____, 2022___, by U.S. mail.By: _____

*Tammy Barton*

Clerk of the Commission/AM

# Exhibit B

# Erin Lisi

Daytona Beach, FL 32124
lisierin@yahoo.com
561-252-0844

Authorized to work in the US for any employer

## Work Experience

### Medical Records Director Compliance Liaison

Signature HealthCARE LLC - Ormond Beach, FL
December 2020 to Present

Maintaining resident's medical records in accordance with facility polices. Serve as the designated Compliance Liaison for the facility.
Also process incoming Account Payable invoices.

### Business Office Manager

Signature HealthCARE LLC - Ormond Beach, FL
September 2020 to December 2020

Supervise, coordinate, and perform business office functions. Responsible for ensuring daily bank deposits, Census update and balancing, Medicaid pending and resident trust accounts. Perform triple check and month end processes.

### Billing Supervisor

MorseLife Health System - West Palm Beach, FL
May 2014 to September 2020

Oversees Inpatient billing and collection processes for Morse Geriatric, LTC, Rehab and skilled services. Handle all billing and collections for Medicare A & B. Correct RTP, adjust, cancel and appeal Medicare claims on FISS/DDE. Guides the specialists by developing billing procedures to capture AR financial goals. Implementing the productivity calendar for front desk and Resident trust coverage, AR aging and mail. Month end close processes for all entities. Act as Business Office Operations Assistant and as consultant to Housing and Home Health Department.

### Patient Account Billing Specialist

Jupiter Medical Center - Jupiter, FL
August 2013 to May 2014

Ensure accurate adjustments and payments for All payer types . Resolve discrepancies and provide information needed for billing. Handle Medicare rejections and correct claims in FISS/DDE. Work collections and AR aging over 90 days for all payers.

### Intake Coordinator

MorseLife Home Care - West Palm Beach, FL
March 2012 to August 2013

Serves as the first point of contact for referral sources, gather information necessary to determine appropriate needs for Home Care and if suitable for other services provided by Morse Life Health System.

### Lead Accounts Receivable Specialist

American Eldercare Inc. Home Health, Corporate Office - Delray Beach, FL
October 2008 to March 2012

Manage all aspects of accounts receivable and collections for Medicare, HMO and PPO. Post and review Medicare remit. Identify, analyze and resolve discrepancies, rejections and denials for all payers manually and electronically. Work account receivable aging report.

### Billing/Collection Analyst

Tender Loving Care, Inc. - West Palm Beach, FL
March 2006 to July 2008

Billing and collections on Medicare, Universal Health Plan, Advantra Freedom and related Medicare Advantage PPS Plan for 12 offices for Florida and Virginia. Weekly adjustments/corrections on FISS/DDE and electronic mail. Prepare and submit timely accurate reports which include: Account Receivables, Claims Summary, Adjustment Report and Monthly Report on Excel spreadsheet for aging over 90 days

### Government Specialist

Wellington Regional Medical Center - Wellington, FL
October 2003 to March 2006

Post and review Medicare, Medicaid and Healthcare District Remit. Resolve discrepancies and rejects for all Insurance payers. Provide accurate information needed for Inpatient, Outpatient and Supplementary billing. Review and edit all claims prior to billing. Worked AR aging over 90 days. Assist with month end close.

### Billing/Collection Analyst

Bethesda Memorial Hospital - Boynton Beach, FL
November 2002 to October 2003

Ensure accurate adjustments and payments for Medicare and Managed Care. Resolve discrepancies and provide information needed for billing. Handle Medicare Account receivables and rejects for online claims in FISS/DDE. Review and edit claims prior to billing electronically and manually. Worked AR aging over 90 days, Assist with Control Department in payment posting and daily deposit.

### Reimbursement Specialist

JFK Medical Center - Atlantis, FL
September 1999 to October 2002

Review and Resolve discrepancies on Medicare accounts and logs, Ensure accurate payments, posting and adjustments to patients account for all payers, Provide information and solve billing related issues for all payers. Create batches and prepare receipts for daily bank deposit.

Education
_____

**None**

Skills
_____

• Billing
• claims

- Collections
- Accounts Receivable
- revenue cycle
- Managed Care
- Medical Billing
- Insurance Verification

## Certifications and Licenses

**MorseLife Leadership Academy**

Participant in organization wide leadership development program. MLA provides leadership training through classroom instructions, practical exercises, case studies, and e-learning. The program focuses on the situational leadership, emotional intelligence, change management, stress management, effective listening, delegation, personal accountability and strategic planning.

**Driver's License**